UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHELSEA SMITH | CIVIL ACTION NO. 17-cv-1607 |
| VERSUS | CHIEF JUDGE HICKS |
| POSITIVE CHANGE COUNSELING AGENCY, LLC | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Chelsea Smith, a former employee of Positive Change Counseling Agency, LLC, filed this civil action against Positive Change pursuant to the False Claims Act. Smith's attorney withdrew from the case, and Smith was allowed a reasonable opportunity to enroll new counsel. The deadline passed without action. It is recommended, for the reasons that follow, that this civil action be dismissed for failure to prosecute.

Smith, represented by counsel, filed a complaint that alleged Positive Change had falsely billed the Government for healthcare services. The United States reviewed the case but declined to intervene. Doc. 17. The Government did, however, indict Positive Change on related criminal charges, and this civil action was stayed in light of the criminal prosecution. Doc. 26.

More than a year after the stay was entered, counsel for Smith filed a Motion to Withdraw (Doc. 27). He represented that circumstances including the criminal prosecution, insolvency of Positive Change, and delays associated with Covid-19 made the litigation financially unfeasible. The motion to withdraw was accompanied by evidence

that Smith was delivered a letter by certified mail that informed her of the withdrawal of counsel and the reason for the termination of representation.

The court issued an order (Doc. 28) that granted the motion to withdraw, strongly encouraged Ms. Smith to retain new counsel, and allowed her until September 17, 2021 to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps by September 17, 2021 may result in Ms. Smith's case being dismissed, without further notice, for failure to prosecute."

The order was mailed to Smith, at her most recent address as indicated in the motion to withdraw, in August 2021. It has not been returned by the postal service, so presumably it was delivered. More than three weeks have passed since the deadline for Smith to respond to the order, but she has filed nothing in the record. The court provided reasonable time for Ms. Smith to secure new counsel or indicate her desire to proceed without counsel. She took no action. It is unlikely that a plaintiff who is unwilling or unable to take such a simple step is interested enough in this complex and expensive case to comply with the more serious requirements of the litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other interested persons. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2021.



Mark L. Hornsby
U.S. Magistrate Judge